## Alexandria

ROY LEE WOODWARD

v.

COMMONWEALTH OF VIRGINIA

No. 1454-89-4

Decided March 19, 1991

COUNSEL

Paul A. Maslakowski (Moorcones & Associates, on brief), for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

KOONTZ, C.J.—In a jury trial held on April 5 and 6, 1989, Roy Lee Woodward, appellant, was convicted of rape and subsequently sentenced to eight years in the penitentiary. We granted appeal on two issues: first, whether the trial court erroneously refused to grant Woodward's instruction on the issue of consent, and second, whether the trial court properly denied Woodward's motion to strike. Upon review of the record, Woodward's first issue may be summarily resolved. There is no evidence which supports the consent instruction requested by Woodward. Thus, "[a]n instruction is properly refused when it is unsupported by the evidence." *Bennett v. Commonwealth*, 8 Va. App. 228, 234, 380 S.E.2d 17, 21 (1989). Accordingly, we only fully address whether Woodward's motion to strike was properly denied.

On the night of June 17, 1988, Woodward met Greg Stowers and the victim at a friend's house where they drank alcohol and ingested cocaine. Woodward had known Stowers for approximately two years and the victim for approximately three months, and had previously stayed overnight at their home. At about 4:30 a.m. the following morning, Stowers and the victim, who lived together, returned to their home where they went to bed, had sexual intercourse and then went to sleep. An hour later, Stowers arose and went to work after kissing the victim good-bye. When he left, the victim was nude in bed covered by a sheet and alone in the home.

At trial, the victim testified she was awakened at 7 a.m. by Stowers' alarm clock, but went back to sleep. The next thing she remembered was "a presence getting back into the bed, or on the bed." However, she did not fully awake or speak. She further testified that the next time she awoke, Woodward was on top of her engaged in sexual intercourse. She told him to get off her, which he did. The victim explained that she was not initially alarmed because she thought the presence in her bed was Stowers, and that she did not realize it was Woodward until she opened her eyes.

Forensic evidence established there were semen specimens consistent with Woodward's blood type in the bed and in the victim's vaginal area, and inconsistent with Stowers' or the victim's blood types. Initially, Woodward denied having intercourse with the victim. However, in his opening statement at trial, Woodward claimed the evidence would show the victim consented to having sex with him.

■ Woodward was convicted of rape based on Code § 18.2-61(A)(ii), which provides that any person who has sexual intercourse with a complaining witness, who is not his or her spouse, "through the use of the complaining witness's mental incapacity or physical helplessness" shall be guilty of rape. "Physical helplessness" is defined as "unconsciousness or any other condition existing at the time of an offense under this article which otherwise rendered the complaining witness physically unable to communicate an unwillingness to act and about which the accused knew or should have known." Code § 18.2-67.10(4). Specifically, the Commonwealth prosecuted Woodward on the theory that at the time Woodward had sexual intercourse with the victim, she was asleep and therefore physically helpless.

On appeal, Woodward asserts that the evidence does not show the victim was physically helpless when the alleged rape occurred. Since the victim testified she was "awoken" by the alarm at 7 a.m. and she remembered "a presence getting into bed" who she thought was Stowers, Woodward asserts the victim was not in a state of physical helplessness as defined by the statute. As support, Woodward recites *The American Heritage Dictionary* (2d ed. 1982) definition of sleep as a "natural, periodically recurring physiological state of rest, characterized by relative physical and nervous inactivity, unconsciousness, and lessened responsiveness to

external stimuli." Unconsciousness is defined as "[n]ot possessed of mind. . . . Insensible to the reception of any stimuli and incapable of performing or experiencing any controlled functions," *Black's Law Dictionary* 1367 (5th ed. 1983), or "[h]aving lost, esp. temporarily, the capacity for sensory perception." *The American Heritage Dictionary* at 1318. Woodward asserts that the victim's testimony shows she had sensory perception at the time Woodward was in bed with her and, therefore, she was not unconscious according to the definition Woodward presented to the court. Since unconsciousness is an element of his proposed definition of sleep, Woodward argues the victim was not asleep and, therefore, he did not commit rape according to the Commonwealth's theory. We do not find this argument persuasive or realistic.

In essence, Woodward challenges the sufficiency of the evidence concerning the victim's state of sleep at the time he engaged in sexual intercourse with her. "When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. . . . The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The Commonwealth aptly notes that "unconsciousness" can mean "temporarily lacking full awareness." *The American Heritage Dictionary* at 1318. Likewise, common experience tells us that sleep is not an all or nothing condition. The physical state of "sleep" is of common experience and understanding to the average person or juror.

In the present case, the jury had to decide the factual issue of whether the victim was asleep, and thereby in a state of physical helplessness, when Woodward had sexual intercourse with her. The jury determined the victim was asleep at that time and credible evidence in the record supports that determination. Further, Woodward does not deny having sexual intercourse with the victim. Thus, the jury properly found, based on the evidence, that Woodward had sexual intercourse with the victim through the use of her physical helplessness and is guilty of rape.

For the foregoing reasons, we affirm Woodward's conviction.

*Affirmed.*

Benton, J., and Keenan, J., concurred.