COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia

KEHINDE A. OGUNGBADE
                                      MEMORANDUM OPINION[*] BY
v.   Record No. 0991-97-2            JUDGE ROSEMARIE ANNUNZIATA
                                            MAY 26, 1998
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

              Andrea C. Long (Boone, Beale, Cosby & Long,
              on brief), for appellant.

              Leah A. Darron, Assistant Attorney General
              (Richard Cullen, Attorney General, on brief),
              for appellee.


     The appellant, Kehinde "Kenny" Ogungbade, appeals his

conviction of sexual battery in violation of Code § 18.2-67.4.

Appellant cites as error the trial court's refusal to give his

proffered jury instruction on consent.  He further claims the

evidence was insufficient to support his conviction.  We

disagree, and affirm.

     Appellant was manager of a Crown service station and

convenience store in Chesterfield County, Virginia.  The

complainant was one of his employees, and, at the time of the

incident, was assistant manager.

     On July 4, 1996, complainant worked the second shift,

beginning at 2:00 p.m. and ending at 10:00 p.m.  Before leaving

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

work, complainant was responsible for counting the money received from sales during her shift.  She accordingly went into the office located at the back of the store to complete the task.  As she sat at a desk facing away from the door to count the money, appellant entered the office and shut the door.  While complainant was in the office with appellant, a woman knocked on the office door, and conversed briefly with appellant.  Complainant denied that appellant opened the door to speak with the woman.

After the woman knocked on the door, appellant remained in the office between fifteen and twenty minutes.  Appellant walked up behind complainant, reached around her, and began fondling her breasts and trying to open her blouse.  Complainant moved her arms upward to remove the appellant's hand from her breasts.  Appellant then reached for complainant's crotch and simultaneously lifted her in her chair to unzip her pants.  Complainant held onto the desk and the top of her pants struggling to keep them on.  When a button on complainant's pants popped off during the struggle, the appellant pulled complainant's pants and underwear down.  He removed his penis from his pants and began rubbing it against her buttocks.  He attempted anal and vaginal intercourse several times and ultimately ejaculated on the office floor.  Appellant wiped the semen from the floor with his jean jacket which hung on the back of the office door and left.

After appellant left the office, complainant finished counting the money, put it in the safe and left work. She met her roommate and told her what had happened. Complainant was trembling and on the verge of tears, so her roommate drove her home.

Because complainant was in no condition to place the call herself, her roommate telephoned the police on her behalf at 12:30 a.m. Other than evidence that items on the office desk had been pushed around, there was no appearance of a struggle in the room where the incident occurred. Police found evidence of semen on the office floor as well as on appellant's jacket, and pubic hairs were recovered from the floor in the location where complainant had been assaulted.

Appellant did not testify. Appellant introduced testimony from a witness that, during the time appellant and complainant were in the office, she knocked on the office door and spoke to appellant. This witness testified that appellant opened the door to speak to her, and when appellant answered the door he was dressed, and that complainant was seated at the desk with stacks of money in front of her. According to her testimony, complainant left the office twenty minutes later and bought cigarettes and gas before departing from the premises, evidencing nothing unusual.

## I.

### Consent Instruction

3

Appellant argues that the trial court erred in refusing to give an instruction on the issue of consent. At trial, appellant offered the following instruction:

Consent by [complainant] is an absolute bar to conviction of sexual battery. If after consideration of all the evidence you have a reasonable doubt as to whether [complainant] consented to sexual battery with [appellant], then you shall find him not guilty.

In refusing to give the instruction, the court reasoned that the evidence supported the conclusion that the incident had occurred, or that it had not, but that there was no evidence that complainant had consented to a sexual touching.

At the conference on jury instructions, appellant's counsel acknowledged that "there is no direct evidence of consent." In support of his argument on appeal, appellant contends that there was evidence that complainant failed to struggle to repel appellant and that she neither told appellant to stop nor yelled out for help, even when a third party came to the door.

Where "consent [is] vital to [the] defense and [is] supported by sufficient evidence to make it a jury issue," it is error to refuse to give an instruction on the principle of consent. Mery v. Commonwealth, 12 Va. App. 821, 826, 407 S.E.2d 18, 21 (1991). Conversely, the court does not err by refusing an instruction where there is no evidence to support it. Eaton v. Commonwealth, 240 Va. 236, 255, 397 S.E.2d 385, 396 (1990); Woodward v. Commonwealth, 12 Va. App. 118, 119, 402 S.E.2d 244, 244 (1991) (citing Bennett v. Commonwealth, 8 Va. App. 228, 234,

4

380 S.E.2d 17, 21 (1989)).  "An instruction must be supported by more than a scintilla of evidence."  Hatcher v. Commonwealth, 218 Va. 811, 814, 241 S.E.2d 756, 758 (1978) (citing Gibson v. Commonwealth, 216 Va. 412, 417, 219 S.E.2d 845, 849 (1975)).  "[T]he weight of the credible evidence that will amount to more than a mere scintilla of evidence is a matter to be resolved on a case-by-case basis."  Brandau v. Commonwealth, 16 Va. App. 408, 412, 430 S.E.2d 563, 565 (1993).  In determining whether evidence amounts to more than a scintilla, "we must look at the evidence in the light most favorable to [appellant]."  Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991).

Code § 18.2-67.7 provides that "the Commonwealth need not demonstrate that the complaining witness cried out or physically resisted the accused in order to convict the accused of an offense" under Code § 18.2-67.4.  See Farish v. Commonwealth, 2 Va. App. 627, 631, 346 S.E.2d 736, 738-39 (1986).  The same statute, however, makes equally clear that "the absence of such resistance may be considered when relevant to show that the act alleged was not against the will of the complaining witness."  Code § 18.2-67.7.  We have interpreted this statute to "allow[] the defendant to use lack of resistance to buttress his consent defense."  Farish, 2 Va. App. at 632, 346 S.E.2d at 739.

Appellant points to his witness' testimony that appellant opened the door of the office to converse with her, and argues that complainant's failure to seek help during this time is

5

evidence of complainant's consent. Appellant's witness, however, testified that when appellant opened the door to speak to her, appellant was fully clothed and complainant was seated at the desk in front of the money. Viewed in the light most favorable to appellant, this testimony supports the conclusion that the assault did not occur, but does not support the conclusion that complainant consented to sexual touching.

In addition, "[t]he determination whether the minimum quantum of credible evidence supports a particular proposition is largely a factor of determining the weight of that evidence in comparison to the weight of the other credible evidence that negates the proposition in question." Brandau, 16 Va. App. at 411-12, 430 S.E.2d at 565. Contrary to appellant's argument, all the evidence presented on the issue indicates that complainant did not consent. Complainant testified that she had rebuffed appellant's advances for at least a year and a half prior to the night of the offense. Complainant testified that when appellant began to fondle her, she moved her arms and elbows to block his access to her body and move his arms away from her. She also explained that when appellant tried to pull her out of her chair and pull her pants down, she held onto the front of the desk and held onto her pants to resist appellant's efforts. Complainant's pants, introduced at trial, were missing a button, which complainant testified was lost during the struggle.

We acknowledge that appellant's witness testified that,

after complainant left the office, complainant bought cigarettes, bought gas, and laughed at a joke made by the witness. The relationship of these facts to the issue of consent, however, is highly attenuated. Appellant made no attempt to connect these observations factually with the issue of complainant's consent to sexual touching, and does not specifically argue that these facts justify a consent instruction on appeal. At best, viewed in the context of all the evidence, this evidence amounts to "'the least particle'" of evidence of consent. Brandau, 16 Va. App. at 411, 430 S.E.2d at 565 (quoting Black's Law Dictionary 1345 (6th ed. 1990)) (defining "scintilla"). Simply put, we find that appellant's evidence of consent did not amount to "more than a scintilla." Hatcher, 218 Va. at 814, 241 S.E.2d at 758 (citing Gibson, 216 Va. at 417, 219 S.E.2d at 849). We therefore hold that the trial court properly refused to instruct the jury on the issue of consent.

## II.

### Sufficiency of the Evidence

Appellant argues that the evidence is insufficient to support his conviction on the ground that complainant's failure to call for help when a woman knocked on the door of the office and her "normal" appearance after the incident supports the inference that she acquiesced in the actions of the appellant. He also argues that "it is incredible" that he, as a store manager on one of the busiest nights of the year, would risk an

7

outcry from complainant in the event she rejected his advances and that complainant's actions further support the inference that he acted "with the perception that [complainant] . . . assented."

A conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim. Fisher v. Commonwealth, 228 Va. 296, 299, 321 S.E.2d 202, 203 (1984). The credibility of witnesses and the weight assigned their testimony are matters exclusively for the jury. Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993) (citing, inter alia, Schneider v. Commonwealth, 230 Va. 379, 383, 337 S.E.2d 735, 736-37 (1985)). The verdict of a jury will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Bell v. Commonwealth, 22 Va. App. 93, 96, 468 S.E.2d 114, 116 (1996) (citing, inter alia, Code § 8.01-680).

In contrast to evaluating a theory of defense instruction, "[w]hen considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Carter v. Commonwealth, 25 Va. App. 721, 725, 492 S.E.2d 480, 482 (1997) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). If there is evidence to support the verdict, this Court "should not overrule it and substitute its own judgment, even if its opinion might differ from that of the jury." George

v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia, 443 U.S. 307, 309 (1979).

Here, complainant's testimony was plainly sufficient to support appellant's conviction. She testified to each of the elements of appellant's offense, and her testimony was not inherently incredible. Complainant's testimony was supported by statements she made to her roommate and police officers immediately after the assault. It was also supported by physical evidence of semen on appellant's jacket, found in the office, and a button missing from complainant's pants. Appellant also testified that she "froze up" because she was "shocked" and "terrified." We hold, therefore, that the evidence supports appellant's conviction.

Affirmed.