STATE of Iowa, Plaintiff–Appellee,

v.

**Martin Gomez TAPIA, Jr.,**
**Defendant–Appellant.**

No. 07–0506.

Court of Appeals of Iowa.

April 30, 2008.

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Barbara A. Edmondson, County Attorney, for appellee.

Considered by MAHAN, P.J., and EISENHAUER and BAKER, JJ.

EISENHAUER, J.

Martin Gomez Tapia, Jr. appeals from the judgement and sentence entered

upon his conviction of sexual abuse in the third degree[1] following a jury trial. He contends there is insufficient evidence to support his conviction. We review his claim for errors at law. *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000). The jury's verdict is binding upon a reviewing court unless there is an absence of substantial evidence in the record to sustain it. *State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981). Substantial evidence is evidence upon which a rational finder of fact could find a defendant guilty beyond a reasonable doubt. *Rohm*, 609 N.W.2d at 509. "When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record." *State v. Leckington*, 713 N.W.2d 208, 213 (Iowa 2006).

Tapia is the older brother of the victim's boyfriend and was in town for a family celebration. The boyfriend was home on leave after completing Marine Corp basic training. The victim, seventeen, testified she and her boyfriend had sex for the first time ever in the afternoon in his bedroom. In the evening she fell asleep on the couch of the living room with her head on her boyfriend's lap. She testified she was on the couch when she woke up and found someone trying to have sex with her. She stated she woke because "my bottoms were being pulled at, like my underwear." When she awoke to find someone attempting to have sex with her, she assumed it was her boyfriend. She couldn't see who it was because: "I didn't open my eyes, and it was completely dark. I was still half—I was still half asleep." The victim

didn't discover it was Tapia until he kissed her and she felt his facial hair. She then pushed him away. She stated she wasn't sure, but it wasn't a long time from the time she felt the tugging on her panties until the time she realized it was Tapia. When asked if Tapia penetrated her completely she stated: "I don't think so." She denied the possibility Tapia may have kissed her before he started the sex act.

Tapia testified the sex was consensual and involved multiple kisses between the parties before they were interrupted by the victim's boyfriend returning from the restroom.

█ The jury was instructed the State was required to prove beyond a reasonable doubt Tapia performed a sex act with the victim and the sex act was either (1) by force or against the will of the victim or (2) while the victim was physically helpless. Because the jury returned a general verdict of guilty, the evidence must be sufficient to support both alternative theories. *See State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006).

The record provides substantial evidence for the jury to conclude the sex act was done against the will of the victim. As soon as she realized the man on top of her was not her boyfriend she objected. Any acts by Tapia were clearly against her will.

█ Tapia mainly argues the victim was not physically helpless when the sex act occurred. The jury was instructed: " 'Physically helpless' means that a person is unable to communicate an unwillingness to act because the person is unconscious, asleep, or is otherwise physically limited." Tapia argues the victim's testimony she awoke when her underpants were being removed and she did not think the defendant completed penetration proves she was

1. The court entered judgment for violation of Iowa Code sections 709.1(1), 709.1(2), and 709.1A(2), 709.4(1), and 709.4(2)(a) (2005) and sentenced defendant under Iowa Code section 702.11.

awake and aware and thus not physically helpless when the alleged sexual contact occurred. In essence, Tapia challenges the sufficiency of the evidence concerning the victim's state of sleep at the time of the sex act.

■ In Iowa "a crime commences with the first act directed toward the commission of the crime." *State v. Carter,* 602 N.W.2d 818, 822 (Iowa 1999) (citing Iowa Code § 702.13). In *Carter,* the court rejected the defendant's argument he was not guilty because the serious injury he inflicted did not occur simultaneously with the commission of the sexual abuse. *Id.* The court noted, "we have previously declined to impose rigid time ... limitations." *Id.* The *Carter* court ruled simultaneous action was not required. Rather it was sufficient if "the injury and the sexual abuse occur as part of an unbroken chain of events or as part of one continuous series of acts connected with one another." *Id.* The *Carter* case reveals Tapia's argument is not consistent with Iowa law because Tapia's act of pulling down the victim's underwear was part of a continuous series of acts constituting sexual abuse. Tapia's actions cannot be separated into segments when the victim was asleep, partially awake and awake when deciding whether a jury could conclude she was physically helpless.

While we find no Iowa Supreme Court decision on this issue, the Montana courts have ruled: "the fact a victim has some sensory perception during an incident involving sexual intercourse, does not preclude a jury from finding that the victim was asleep, and therefore 'physically helpless,' during the sexual intercourse." *State v. Shields,* 328 Mont. 509, 122 P.3d 421, 426 (2005) (citing *State v. Stevens,* 311 Mont. 52, 53 P.3d 356, 363 (2002)). Similarly, the Virginia courts have concluded a sleeping victim with some sensory perception during an attack can be found to be "physically helpless" because "common experience tells us sleep is not an all or nothing condition." *Woodward v. Commonwealth,* 12 Va.App. 118, 402 S.E.2d 244, 245–46 (1991); *see also State v. Contreras–Cruz,* 765 A.2d 849, 857 (R.I.2001) (ruling victim physically helpless when in bed and awakes to someone on top of her since jury could conclude she was "so far within the realm of sleep that she was unable to communicate her unwillingness"); *People v. Vaughn,* 26 A.D.3d 776, 809 N.Y.S.2d 718, 719 (N.Y.App.Div.2006) (ruling victim physically helpless when asleep during the beginning of the sexual assault).

Whether the victim was physically helpless and unable to consent when Tapia engaged in a sex act is a jury question since the "state of the victim's physical helplessness at any given moment is largely a question of fact." *People v. Teicher,* 52 N.Y.2d 638, 439 N.Y.S.2d 846, 422 N.E.2d 506, 511 (N.Y.1981). When viewing the evidence in the light most favorable to the State, we conclude a rational trier of fact could have found the victim incapable of consent due to being asleep and physically helpless. Because substantial evidence supports the jury's verdict, we are bound by it on appeal and affirm the verdict.

**AFFIRMED.**