COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia


DARYL LAMAR ROBERTS

                                            MEMORANDUM OPINION* BY
v.        Record No. 2958-08-2              JUDGE ROSSIE D. ALSTON, JR.
                                                  JANUARY 12, 2010
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Clarence N. Jenkins, Jr., Judge

          Jennifer M. Newman (Jennifer M. Newman, P.C., on brief), for
          appellant.

          Kathleen B. Martin, Senior Assistant Attorney General (William C.
          Mims, Attorney General, on brief), for appellee.


        Daryl Lamar Roberts (appellant) appeals from his conviction of rape, in violation of Code

§ 18.2-61(A)(ii).  On appeal, appellant contends the evidence was insufficient to find him guilty

of rape because the Commonwealth failed to prove all elements of the crime beyond a reasonable

doubt.  For the reasons that follow, we hold the evidence was sufficient, and we affirm

appellant's conviction.

                              I.  BACKGROUND[1]

        On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

Pryor v. Commonwealth, 48 Va. App. 1, 4, 628 S.E.2d 47, 48 (2006) (quoting Commonwealth v.

Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)).  "Viewing the record through this

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] As the parties are fully conversant with the record in this case, and because this
memorandum opinion carries no precedential value, this opinion recites only those facts and
incidents of the proceedings as are necessary to the parties' understanding of this appeal.

evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis omitted)).

So viewed, the evidence showed that on December 31, 2005, victim attended a New Year's Eve party at the home of Debbie Quash (Quash). Appellant also attended the party. Both appellant and victim worked with Quash's boyfriend, John Morton (Morton). Within thirty minutes of arriving at the party, victim consumed approximately three double shots, a mixed drink, and a beer. Witnesses at the party described victim as "sloppy drunk" and "almost passed out." Victim testified that she felt "extremely intoxicated." Soon thereafter, appellant, Quash, and Morton walked victim home.

When they arrived at victim's home, victim lay down on the couch and asked for her cell phone. Quash told victim that her phone must still be at the party and someone would return it to her at a later time. Appellant, Quash, and Morton returned to the party, leaving victim's door unlocked on their way out. Some time later, appellant told Quash that he found victim's cell phone and was going to take it back to her. Appellant then returned to victim's house. According to appellant, when he returned, he and victim smoked marijuana. Appellant testified that they then had consensual oral sex and he digitally penetrated victim.

Victim remembered attending the party but did not remember leaving. The first thing she remembered was waking up in the middle of the night with sharp pains between her legs. Victim "saw a picture" of appellant on top of her, and she smelled him because he "smelled like soap and kitchen grease," consistent with the smell of working as a cook. When victim woke up, she

said "no" and then felt a sharp blow to her head.  She did not remember anything else about the night.

Victim awoke the next morning wearing only her shirt.  She was "still a little intoxicated," her head was sore, and "between her legs hurt" but she did not know why.  Victim got dressed for work but she did not shower.  When she got to work, her co-workers noticed bruises on her neck that were not there the day before.  Victim feared appellant had raped her.

Later that night, victim saw a sexual assault nurse examiner (SANE nurse).  The SANE nurse collected physical evidence from victim and observed bruises on victim's neck, left arm, and upper legs.  The SANE nurse also observed small hemorrhagic spots, abrasions, and skin breaking on the inner and outer portions of victim's genitalia, consistent with trauma.  The day after the examination, a bruise appeared on the side of victim's head.

Forensic evidence at trial showed appellant's DNA matched that found in victim's cervical and anal rectal sample.  The SANE nurse testified that while the DNA found inside victim could have been caused by ejaculation outside the vagina, the DNA found on the cervical swab would "probably not" have come from ejaculation outside the vagina.

Victim testified that she knew appellant from work.  She admitted that the two occasionally smoked marijuana but said she did not remember smoking with him on the night of the incident.  Victim also testified that she was sure she would not have consented to having sex with appellant in any way because she "never once liked him in that way."

On September 6, 2007, the trial court found appellant guilty of rape by having sexual intercourse with victim "through the use of victim's mental incapacity or physical helplessness," in violation of Code § 18.2-61(A)(ii).[2]  This appeal followed.

---

[2] Appellant was originally indicted under Code § 18.2-61(A)(i), which prohibits any person from having sexual intercourse with a complaining witness "against the complaining witness's will, by force, threat or intimidation."  The indictment was amended to charge

## II. ANALYSIS

Appellant contends the evidence was insufficient to convict him of rape because the Commonwealth did not prove, beyond a reasonable doubt, that appellant had sexual intercourse with victim or that victim was mentally incapacitated or physically helpless. For the reasons that follow, we disagree.

When the sufficiency of the evidence is challenged on appeal, this Court must consider the evidence and all inferences fairly deducible therefrom in the light most favorable to the Commonwealth. Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876 (2002). The Court must uphold appellant's conviction unless it is plainly wrong or lacks evidentiary support, and the Court may not substitute its own judgment for that of the finder of fact, even if it might have reached a different conclusion. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). The Commonwealth must prove every element of the crime beyond a reasonable doubt, Martin v. Commonwealth, 13 Va. App. 524, 529, 414 S.E.2d 401, 403 (1992), but the relevant question before this Court is whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).

Code § 18.2-61(A)(ii) states,

> If any person has sexual intercourse with a complaining witness, whether or not his or her spouse, or causes a complaining witness, whether or not his or her spouse, to engage in sexual intercourse with any other person and such act is accomplished . . . through the use of the complaining witness's mental incapacity or physical helplessness . . . he or she shall be guilty of rape.

appellant with violating Code § 18.2-61(A)(ii), which prohibits any person from having sexual intercourse "through the use of the complaining witness's mental incapacity or physical helplessness."

- 4 -

Appellant first contends the Commonwealth failed to prove that appellant had sexual intercourse with victim because there was insufficient proof that appellant penetrated victim. "Penetration by a penis of a vagina is an essential element of the crime of rape." Elam v. Commonwealth, 229 Va. 113, 115, 326 S.E.2d 685, 686 (1985). But "[t]he penetration necessary to constitute rape need only be slight. Rowland v. Commonwealth, 147 Va. 636, 639, 136 S.E. 564, 565 (1927). Penetration may be proved by circumstantial evidence and is not dependent on direct testimony from the victim that penetration occurred." Morrison v. Commonwealth, 10 Va. App. 300, 301, 391 S.E.2d 612, 612 (1990) (citing Elam, 229 Va. at 115, 326 S.E.2d at 686-87).

In Elam, the victim testified that she did not know if the appellant actually penetrated her, and specifically testified, "he didn't rape me; I don't think he raped me." 229 Va. at 115, 326 S.E.2d at 686. The Court upheld the appellant's conviction despite the victim's statement, finding the medical and forensic evidence compelling. That evidence showed tears in the victim's vagina and traces of the victim's blood on her sheets and appellant's clothes. Id. at 115, 326 S.E.2d at 687. The Supreme Court of Virginia found that "[g]iven the circumstantial evidence of penetration adduced by the Commonwealth in this case, the jury could rationally discount the uncertainty reflected in the [victim's] testimony as the product of lay ignorance of these legal principles." Id.

In Morrison, the victim did not directly testify that the appellant penetrated her, and the medical evidence was inconclusive as to the type of penetration that occurred. 10 Va. App. at 302, 391 S.E.2d at 613. However, the Court found that the victim's description of the incident, her statements that she felt pain between her legs and in her stomach, and the medical evidence showing some type of penetration occurred, were sufficient to sustain appellant's conviction. Id.

In the instant case, victim did not provide direct evidence that appellant penetrated her with his penis. However, she testified that she woke up with sharp pains between her legs. The SANE nurse observed small hemorrhagic spots, abrasions, and skin breaking on victim's genitalia, which she testified was consistent with trauma. Further, appellant's sperm was found inside victim's vagina, including on her cervix. The SANE nurse testified that the DNA found on the cervical swab would "probably not" have come from ejaculation outside the vagina. Finally, appellant's version of the incident and his assertion that only digital and oral penetration occurred, differed drastically from victim's statement that she would not have consented to any sexual encounter with appellant. The credibility of the witnesses and the weight accorded to the evidence are matters solely for the fact finder. Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Given the circumstantial evidence, a reasonable fact finder could conclude, beyond a reasonable doubt, that penile penetration occurred.

Appellant further contends the Commonwealth failed to prove that the act was accomplished through the use of victim's mental incapacity or physical helplessness. Mental incapacity is a "condition of the complaining witness existing at the time of an offense[,] . . . which prevents [her] from understanding the nature or consequences of the sexual act involved in such offense and about which the accused knew or should have known." Code § 18.2-67.10(3). "'[M]ental incapacity' may extend to a transitory circumstance such as intoxication if the nature and degree of the intoxication has gone beyond the stage of merely reduced inhibition and has reached a point where the victim does not understand 'the nature or consequences of the sexual act.'" Molina v. Commonwealth, 272 Va. 666, 673, 636 S.E.2d 470, 474 (2006) (quoting Code § 18.2-67.10(3)).

Witnesses testified that victim consumed several drinks in a very short period of time. Victim was "extremely intoxicated" and "almost passed out." Other party attendants had to walk

victim home. Victim testified that she did not remember leaving the party or going home, and she had only a vague memory of waking up before she was struck in the head. Victim was still intoxicated when she woke up in the morning. Under the circumstances, a rational trier of fact could find beyond a reasonable doubt that the degree of victim's intoxication reached a point where she did not understand the nature or consequences of the sexual act.

Further, even if victim was not mentally incapacitated, she was physically helpless. Physical helplessness is "unconsciousness or any other condition existing at the time of an offense[,] . . . which otherwise rendered the complaining witness physically unable to communicate an unwillingness to act and about which the accused knew or should have known." Code § 18.2-67.10(4); see also Woodward v. Commonwealth, 12 Va. App. 118, 120, 402 S.E.2d 244, 245 (1991).

In Woodward, the victim consumed alcohol and cocaine. Id. at 119, 402 S.E.2d at 244-45. The next morning, she awoke to "a presence" getting into bed with her. Id. at 120, 402 S.E.2d at 245. The victim testified that she did not initially react because she thought it was her boyfriend, rather than the appellant. Id. The Court upheld appellant's rape conviction, stating that "at the time [appellant] had sexual intercourse with the victim, she was asleep and therefore physically helpless." Id.

This case is not unlike Woodward. Viewing the facts in the light most favorable to the Commonwealth, victim was "passed out" when appellant returned to her home. Appellant knew of victim's condition because he was at the party, and he was one of the people who walked her home from the party. It is clear that victim, while passed out, was physically helpless. If victim was rendered physically able at any point when she awoke, she became physically helpless again when she was struck on the head. Thus, under the circumstances, a rational trier of fact could

have found beyond a reasonable doubt that victim was physically unable to communicate an unwillingness to act.

## III.  CONCLUSION

For these reasons, we hold the evidence was sufficient to find appellant engaged in sexual intercourse with victim and that such act was done either while victim was mentally incapacitated *or* physically helpless.  Accordingly, the evidence was sufficient to convict appellant of rape, in violation of Code § 18.2-61(A)(ii), and we affirm appellant's conviction.

<u>Affirmed.</u>