UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McCullough and Senior Judge Haley
Argued at Fredericksburg, Virginia

HUGO QUISQUE

v.        Record No. 1372-14-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. HALEY, JR.
FEBRUARY 23, 2016

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

Dawn M. Butorac, Deputy Public Defender, for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Hugo Quisque ("appellant") was tried by a jury and convicted of one count of rape in

violation of Code § 18.2-61(A)(ii).[1]  Appellant maintains that the evidence was insufficient to

establish the victim was physically helpless at the time he had intercourse with her.  We disagree

and affirm.

FACTS

"When examining a challenge to the sufficiency of the evidence, an appellate court must

review the evidence in the light most favorable to the prevailing party at trial and consider any

reasonable inferences from the facts proved."  Viney v. Commonwealth, 269 Va. 296, 299, 609

S.E.2d 26, 28 (2005).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As here relevant, Code § 18.2-61(A)(ii) prohibits "sexual intercourse . . . through the
use of the complaining witness's mental incapacity or physical helplessness."

The evidence, viewed in the light most favorable to the Commonwealth, proved that on the night of July 13, 2013, the victim returned home from a party she had attended with her husband and friends. Appellant, who rented a room in the victim's apartment, joined the victim, her husband, and their friends after the party. The victim consumed three to four beers at the party and had more beer and liquor after she arrived back at her residence. She went to her bedroom, got into her bed, and fell asleep. She explained she woke up to find someone on top of her and that she "thought it was [her] husband." When she opened her eyes she was "shock[ed]" to discover the man was appellant. She slapped him and "from there he disappeared." She immediately informed her husband. When the victim's husband confronted appellant, appellant initially denied having been in the victim's room and claimed she had been dreaming.

The victim's husband testified appellant continued drinking with him and his friend for thirty to sixty minutes after the victim went to her bedroom. The victim's husband fell asleep on the couch and awoke to find the victim shaking him. Initially she was unable to speak and then told him appellant had attacked her. The victim's husband confirmed that when he confronted appellant, appellant claimed nothing had happened. The victim's husband called the police.

After the police arrived at the residence, they discovered appellant had fled through his bedroom window. Later, appellant called the victim's husband and admitted going into the victim's bedroom but claimed he had made a mistake and entered the wrong bedroom. The police apprehended appellant a short distance from the residence. Appellant initially denied having had intercourse with the victim, but later claimed he had accidentally entered the victim's room and had intercourse with her, believing her to be his girlfriend who also lived in the residence. He also admitted that he jumped from his bedroom window when he heard that the police had arrived at the apartment.

STANDARD OF REVIEW

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). When a criminal conviction is by jury, "we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make. We let the decision stand unless we conclude no rational juror could have reached that decision." Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*).

It follows that a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, we ask only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original).

"This deferential standard of review 'applies not only to the historical facts themselves, but the inferences from those facts as well.'" Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003)). "Thus, a factfinder may 'draw reasonable inferences from basic facts to ultimate facts,'" Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004)), "unless doing so would push 'into the realm of *non sequitur*,'" id. (quoting Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006)).

ANALYSIS

Code § 18.2-61(A) provides, in pertinent part, that "[i]f any person has sexual intercourse with a complaining witness who is not his or her spouse . . . and such act is accomplished . . . through the use of the complaining witness's . . . physical helplessness . . . he or she shall be guilty of rape." The "physical helplessness" contemplated by the statute "means unconsciousness or any other condition existing at the time of an offense under this article which otherwise rendered the complaining witness physically unable to communicate an unwillingness to act and about which the accused knew or should have known." Code § 18.2-67.10(4). Sleep can constitute the requisite "physical helplessness." See Woodward v. Commonwealth, 12 Va. App. 118, 121, 402 S.E.2d 244, 245-46 (1991).

Appellant argues only that the evidence failed to establish the victim was "physically helpless." He concedes that "[b]eing asleep can be deemed to be physically helpless," but argues "it was not applicable in this case because [the victim's] testimony belies the notion that she was unconscious or unable to communicate."

Thus, the sole question before us is whether sufficient evidence supports the jury's determination that the victim was unconscious or was otherwise rendered "physically unable to communicate an unwillingness to act" at the time appellant had sexual intercourse with her.

The victim, testifying through a Spanish interpreter, explained she was asleep in her room when she felt her pants being removed. She was asked "[w]hen you first felt his penis inside your vagina, how awake were you?" She answered "I was still asleep." She also stated she was "extremely tired" and was "half asleep" when appellant's penis first entered her vagina. She testified "[i]t happened fast" and that when she opened her eyes, appellant was on top of her with his penis inside her. Although appellant argues the victim was "fully aware" during the incident,

her testimony supports the jury's conclusion that she was sleeping and was not conscious when appellant removed her pants and penetrated her.

In Woodward, the victim consumed alcohol and cocaine. 12 Va. App. at 119, 402 S.E.2d at 244-45. The next morning, she awoke to "a presence" getting into bed with her. Id. at 120, 402 S.E.2d at 245. The victim testified that she did not initially react because she thought it was her boyfriend, rather than the appellant. Id.

Similarly, in this case, the victim consumed alcohol before going to sleep in the room she shared with her husband. Her husband's testimony established the victim had been sleeping for some time before appellant entered the room. As in Woodward, the victim in this case "did not fully awake" and at first assumed her husband had gotten into bed with her. Id.

Appellant asserts without support that "[t]he legislature clearly intended for the state of [being] physically helpless to involve someone being totally unaware of what was happening to them." In Woodward, this Court upheld appellant's rape conviction, stating that "at the time [appellant] had sexual intercourse with the victim, she was asleep and therefore physically helpless." 12 Va. App. at 120, 402 S.E.2d at 245. We specifically noted that "sleep is not an all or nothing condition" and that the "physical state of 'sleep' is of common experience and understanding to the average person or juror." Id. at 121, 402 S.E.2d at 246. The jury in this case considered the victim's testimony and concluded she was physically helpless at the time of the sexual activity.

Furthermore, appellant's behavior after the victim and her husband confronted him suggests he knowingly took advantage of the victim's physical helplessness. After initially denying having even entered the victim's bedroom, appellant jumped from a third floor window in order to avoid the police. The jury could infer appellant's consciousness of guilt by his flight from the police. Ricks v. Commonwealth, 39 Va. App. 330, 335, 573 S.E.2d 266, 268 (2002)

("[a]ny flight at a time when it may be to avoid arrest, prosecution, or confinement tends to show a consciousness of guilt" (quoting Langhorne v.Commonwealth, 13 Va. App. 97, 103, 409 S.E.2d 476, 480 (1991))). Appellant then admitted only to having entered the room and finally acknowledged having had intercourse with the victim, albeit mistakenly. "A defendant's false statements are probative to show he is trying to conceal his guilt, and thus are evidence of his guilt." Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991).

Under the circumstances, a rational trier of fact could have found beyond a reasonable doubt that the victim was physically unable to communicate an unwillingness to act. We will not disturb that conclusion on appeal because "we have no authority 'to preside *de novo* over a second trial.'" Ervin v. Commonwealth, 57 Va. App. 495, 503, 704 S.E.2d 135, 139 (2011) (*en banc*) (quoting Haskins, 44 Va. App. at 11, 602 S.E.2d at 407). Therefore, viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient to support the jury's conclusion that the victim was asleep and physically helpless at the time of the unwanted sexual contact. Accordingly, we affirm the jury's verdict.

Affirmed.