# IN THE COURT OF APPEALS OF IOWA

No. 15-0623
Filed May 25, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LORENZA CARTEZ JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


        A defendant challenges his conviction for invasion of privacy.  **AFFIRMED**.


        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

A Polk County jury decided Lorenza Johnson committed invasion of privacy by filming or photographing a naked and extremely intoxicated woman he had picked up at a tavern and taken to his home. Johnson now challenges the guilty verdict, contending the State failed to present sufficient proof he acted with a sexual purpose or that the woman did not consent to being photographed or filmed while nude. In a pro se brief, Johnson challenges the State's proof of venue. Viewing the record in the light most favorable to the verdict, we conclude substantial evidence supports Johnson's conviction.

## I. Facts and Prior Proceedings

After a night of heavy drinking, K.R. awoke naked beside Johnson in his bed. K.R. felt hung over and ill. Johnson said he had seen her at the bar, gave her a ride to his place, she "threw up everywhere, but that it was okay, that he cleaned [her] up." K.R. was embarrassed but "didn't remember anything." The pair then engaged in consensual sex acts before Johnson drove K.R. back to her car.

A week later, K.R. returned to Johnson's residence to "clear the air." During that meeting, Johnson told K.R. he had taken "the weirdest video on his phone." He eventually showed her the recording that depicted her lying naked, leaning off the bed, and vomiting in a trash can. She recalled the video "scrolled up and down [her] naked body, focusing on the different parts of her body." K.R. was "shocked" and "disgusted" by the video, and when Johnson left the room to get her some water, she grabbed his phone and ran out of the house.

The next day, K.R. took Johnson's cell phone to the police. Technicians extracted the compromising video, as well as two still photographs of K.R. she had not previously seen. One of the photographs showed K.R.'s naked buttocks with another person's hand resting on them. The other photograph showed what appeared to be the same hand spreading her buttocks to expose her rectum.

Based on the video and still photographs, the State charged Johnson with invasion of privacy—nudity, a serious misdemeanor in violation of Iowa Code section 709.21 (2013). The case went to trial on March 2, 2015. The jury returned a verdict of guilty, and Johnson now appeals.

## II. Standard of Review

We review Johnson's challenge to the sufficiency of the evidence for correction of legal error. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We view the record in the light most favorable to the guilty verdict, including all reasonable inferences that may be fairly drawn from the evidence. *Id.* We consider both inculpatory and exculpatory evidence. *Id.* If substantial evidence supports the verdict, we affirm. *Id.* Substantial evidence in a criminal case is the quantity and quality of proof that could convince a rational jury the defendant was guilty beyond a reasonable doubt. *Id.*

## III. Analysis of Substantial-Evidence Challenge

To convict Johnson for invasion of privacy, the State was required to prove the following elements:

> 1. A person who knowingly views, photographs, or films another person, for the purpose of arousing or gratifying the sexual desire of any person, commits invasion of privacy if all of the following apply:

> a. The other person does not have knowledge about and does not consent or is unable to consent to being viewed, photographed, or filmed.
> b. The other person is in a state of full or partial nudity.
> c. The other person has a reasonable expectation of privacy while in a state of full or partial nudity.

Iowa Code § 709.21.[1]

In a brief filed by his appellate counsel, Johnson challenges two of the four elements: (1) whether he photographed or filmed K.R. with the purpose of arousing or satisfying the sexual desires of any person, and (2) whether K.R. had knowledge of or consented to or was unable to consent to being photographed or filmed.[2]  In a supplemental pro se filing, Johnson argues the State failed to prove he committed the crime in Polk County.

**Sexual Purpose.**  Johnson contends the State's proof is inadequate on this element because no testimony established the video of K.R. vomiting was created for a sexual purpose.  Johnson argues at worst the filming was motivated by an intent to embarrass K.R. or "a perverted sense of humor."

The State responds that it was reasonable for the jury to infer that after Johnson took an extremely intoxicated woman to his home and engaged in sexual conduct with her, he was continuing to act with a purpose to arouse or satisfy his sexual desires when he filmed and photographed her in vulnerable positions, naked and face down on his bed.  The State adds that the sexual-desire inference was especially strong from the photograph in which Johnson appears to be spreading K.R.'s buttocks to reveal her rectum to the camera.

---

[1] Legislative amendments to this statute enacted this year are not at issue in this appeal. *See* 2016 Ia. Legis. Serv. S.F. 2185 (West).

[2] Although defense counsel contested the reasonable-expectation-of-privacy element in his motion for judgment of acquittal, Johnson does not renew that challenge on appeal.

We find the State's evidence sufficient to prove Johnson took the video and photographs to arouse or gratify his sexual desires.  *See State v. McAfee*, No. 13-0268, 2014 WL 1494901, at *2 (Iowa Ct. App. Apr. 16, 2014) (citing *State v. Kirchner*, 600 N.W.2d 330, 334 (Iowa Ct. App. 1999) for the proposition that a defendant's purpose is seldom capable of direct proof but the fact finder may discern intent based on reasonable inferences drawn from the evidence in accord with common experiences); *see also State v. Rees*, No. 14-1124, 2015 WL 3876740, at *3 (Iowa Ct. App. June 24, 2015) (allowing inference of sexual intent from defendant's comments).

**Knowledge and Consent.**  Johnson next contends the State did not prove K.R.'s lack of knowledge or consent to being photographed or filmed.  He argues K.R.'s inability to remember events after leaving the tavern did not mean "she did not consent to the pictures being taken."  He ventures: "Given her level of intoxication, she very well may have agreed to being photographed.  When people are intoxicated they sometimes do things they would never do when they are sober."

The State was required to prove K.R. did not have knowledge of and did not consent to, or was unable to consent to, being photographed or filmed.  The court instructed the jury that a person cannot consent if she is "mentally incapacitated, physically helpless, or physically incapacitated."  The instruction defined those terms.

K.R. testified she did not know Johnson had photographed or recorded her while she was naked.  In fact, the only thing she remembered after leaving the bar was being irritated by someone wiping her face.  She testified she was

"blacked out drunk and did not know what happened." She further testified she is "not comfortable with her body" and would never have allowed someone to film or photograph her in that condition.

Whether K.R. was physically helpless and unable to consent when Johnson was filming and photographing her in a state of full nudity was a proper question for the jury because the "state of the victim's physical helplessness at any given moment is largely a question of fact." *See State v. Tapia*, 751 N.W.2d 405, 407 (Iowa Ct. App. 2008) (citation omitted). We decline to disturb the jury's verdict.

**Venue.** The State has the burden of proving venue by a preponderance of the evidence. *State v. Hy*, 458 N.W.2d 609, 611 (Iowa Ct. App. 1990). In this case, the State received permission from the court to reopen the record after resting its case to recall a police officer to testify expressly that at the time of the alleged offense Johnson lived in Polk County. *See State v. Long*, 814 N.W.2d 572, 575 (Iowa 2012) (holding inadvertent omission of evidence is proper reason to reopen record). We find no error in the State's proof of venue.

**AFFIRMED.**