# IN THE COURT OF APPEALS OF IOWA

No. 19-0607
Filed April 1, 2020

**T.D.,**
　　Plaintiff-Appellee,

**vs.**

**J.P.,**
　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, James A. McGlynn, Judge.

The defendant challenges the district court's grant of a sexual abuse protective order. **AFFIRMED.**

John R. Flynn of Jordan & Mahoney Law Firm, P.C., Boone, for appellant.

Daniel J. Kolacia of Boone County Attorneys Office, Boone, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

Twenty-one-year-old T.D.—representing herself—sought a protective order under Iowa Code section 236A.3 (2019).  She alleged her coworker, J.P., sexually assaulted her twice at his house.  After hearing testimony from both parties, the district court granted T.D.'s petition.  Because we value the district court's in-person assessment of the disputed testimony, we affirm the ruling.

In early March 2019, T.D. planned to stay overnight with J.P. because his residence was close to her work assignment.  At age forty-seven, J.P. was considerably older than T.D.  But the two colleagues had been friends for about a year.  And both agreed their relationship had not been romantic or sexual.

On March 9, T.D. and J.P. went out for drinks in Ames.  Between Buffalo Wild Wings, Time Out, and the Corner Pocket, T.D consumed seven to nine rum-and-colas.  J.P. paid for all the drinks.  After closing down the bars, the coworkers arrived at J.P.'s house.

Once inside, according to T.D., J.P. started kissing her and putting his hand down her pants.  She testified he touched her vagina with his finger.  She remembered saying "no" and then she "kind of drifted off."  When she woke up, she was in J.P.'s bedroom.  Her sweatpants and underwear were on the floor.  She grabbed her clothes and left the house.  Because her vaginal area was sore, she believed she had been sexually assaulted.  She went to work that morning.  Then the next day she went to the hospital to have a rape kit completed.

On March 21, T.D. filed a self-represented petition seeking relief from sexual abuse under Iowa Code chapter 236A.[1]  She alleged J.P. sexually abused her while she was "incapacitated."  She wrote: "I fell asleep on his couch.  I woke up in his bed.  I don't recall how I was moved or got to his bed."  The district court issued a temporary order that same day.

The parties both testified at an April 4 hearing.  To some extent, J.P.'s version of events tracked T.D.'s recollection.  He confirmed they had been out drinking together and returned to his place.  J.P. recalled T.D. tripping on his front steps.  So he helped her inside.  He denied reaching down her pants but agreed they "kind of kissed."  He testified, "I didn't take it as a sexual thing at all."  He added, "Plus, it wouldn't have been a very deep kiss because I had [tobacco] chew in my mouth."  J.P. also admitted they had sexual contact in his bedroom, but asserted T.D. was the aggressor.  He claimed T.D. woke him up "in a sexual manner" by rolling on top of him.  But he told her it was "not working" because he had erectile dysfunction.  He testified he was "not a hundred percent sure" if his penis went inside her vagina.

---

[1] The legislature enacted this chapter fairly recently.  *See* Iowa Acts 2017 ch. 121. Lawmakers intended the new provisions to allow

> a victim of sexual abuse to seek relief from sexual abuse by filing a petition in district court for a sexual abuse civil protective order (emergency, temporary, or permanent) prior to the arrest of the defendant in such a situation, affording the victim . . . , whose welfare may be affected by the sexual abuse situation, the same civil protections as victims of domestic abuse under Iowa Code chapter 236.

*See* Iowa Legis. Summ. (2017 Civil Law, Procedure, and Court Administration).

At the close of the hearing, the court found T.D. presented enough evidence to warrant issuance of a sexual abuse protective order. The court reasoned:

> First of all, it seems that both parties agree that a sex act occurred. There's difference of opinion as to exactly what that was and who initiated it and so forth, but plaintiff testified that there was skin to skin contact, hand—his hand to her vagina that she remembers. That she woke up sore. Presumably she assumes that something else happened and the defendant testified to a lot more, but his testimony also confirms that a sex act occurred.

In the court's mind, "the only real question" was whether that sex act was consensual. After considering the evidence of T.D.'s intoxication, the court decided she was too impaired to consent. J.P. appealed that same day.

Because the district court tried this civil case in equity, our review is de novo. *See Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001). The person seeking the protective order, here T.D., must prove "a finding of sexual abuse by a preponderance of the evidence." *See* Iowa Code § 236A.3. A preponderance means the greater weight of the evidence. *Wilker*, 630 N.W.2d at 596–97. We give "respectful consideration" to the district court's factual findings and credibility determinations, but they are not binding on us. *Id.* at 594.

At its root, J.P.'s appeal contests the district court's finding of sexual abuse. He argues T.D. did not meet her burden because her testimony contained inconsistencies and she was not so intoxicated that she could not consent. In his view, the court faced a "she said v. he said" situation and wrongly concluded T.D. was more credible.

To address J.P.'s arguments, we start with T.D.'s burden. She had to show by a preponderance of the evidence J.P. committed sexual abuse. Iowa Code § 236A.3. For this action, "sexual abuse" means "any commission of a crime

defined in chapter 709 or section 726.2 or 728.12." *Id.* § 236A.2. In chapter 709, sexual abuse is defined as "any sex act" performed by force or against the will of the other person or while the other person is suffering from "incapacity which precludes giving consent." Iowa Code § 709.1(1), (2). The definition of sex act includes sexual contact between the finger of one person and the genitalia of another, as well as sexual contact between the genitalia of one person and the genitalia of another. *Id.* § 702.17(2), (3). Mental incapacitation means "a person temporarily incapable of apprising or controlling the person's own conduct due to the influence of a narcotic, anesthetic, or intoxicating substance." *Id.* § 709.1A. More broadly, incapacitation includes the state of being "physically helpless" which encompasses a person who is asleep.

J.P. concedes a sex act occurred. But he insists T.D. consented, and even initiated, their sexual encounter.

That insistence did not win over the district court and does not sway us on appeal. "Where there is a conflict in the evidence the fact finder must decide which evidence is credible and which is not." *In re D.C.L.*, 464 N.W.2d 881, 883 (Iowa 1991). Here, the district court decided T.D. could not give consent because of her level of intoxication. The court noted even under J.P.'s version of events, she drank to excess and stumbled on the way into his house.

On appeal, J.P. quibbles about T.D.'s state of intoxication, claiming she "was able to do things that a very drunk person would not likely be able to do." He also accuses her of inconsistency in alleging in her petition that she was "incapacitated" but only testifying that she "kind of dozed off."

His objections fall flat for two reasons. First, as long as the pro se petition provided J.P. with adequate notice of T.D.'s accusations, any imprecision in its drafting does not detract from the force of her evidence. *See Smith v. Smith*, 513 N.W.2d 728, 731 (Iowa 1994). Second, T.D. did not have to be "passed out" drunk to be considered "physically helpless" and unable to consent to a sex act. *See State v. Tapia*, 751 N.W.2d 405, 407 (Iowa Ct. App. 2008) (finding rational trier of fact could have found victim incapable of consent due to being asleep and physically helpless). Because T.D. showed by a preponderance of the evidence J.P. committed a sex act without her consent, we affirm the district court's issuance of the protective order.

**AFFIRMED.**